IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JONATHAN D. MURPHY, #80898-065,<br><br>     Plaintiff,<br><br>     vs.<br><br>ESTELLA DERR, et al.,<br><br>     Defendants. | CIVIL NO. 22-00110 JAO-WRP<br><br>ORDER REVOKING IN FORMA PAUPERIS STATUS |

**ORDER REVOKING IN FORMA PAUPERIS STATUS**

On July 7, 2022, the Ninth Circuit referred this matter to the Court "for the limited purpose of determining whether in forma pauperis status should continue for [the] appeal or whether the appeal is frivolous or taken in bad faith." *See* Referral Notice, *Murphy v. Derr*, No. 22-15974 (9th Cir. July 7, 2022), ECF No. 2 at 1.  For the reasons set forth below, the Court certifies that pro se Plaintiff Jonathan D. Murphy's ("Murphy") appeal is frivolous and, therefore, not taken in good faith.  Accordingly, Murphy's in forma pauperis status is revoked.

In general, "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization." Fed. R. App. P. 24(a)(3).  This rule does not apply, however, if

"the district court . . . certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification[.]" Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith").

While "[t]he good faith requirement is satisfied if the [party] seeks review of any issue that is not frivolous," *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (internal quotation marks and citation omitted), an appeal is frivolous if it lacks any arguable basis in law or fact, *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *See also Ayuyu v. Suyat*, No. 96-15248, 1997 WL 285792114, at *1 (9th Cir. May 28, 1997). If the district court makes a certification under Federal Rule of Appellate Procedure 24(a)(3)(A), a party may file a motion to proceed on appeal in forma pauperis in the court of appeals. *See* Fed. R. App. P. 24(a)(5).

Here, the Court granted Murphy's Application to Proceed In Forma Pauperis Application by a Prisoner on April 7, 2022. *See* ECF No. 5; ECF No. 8. On May 9, 2022, the Court issued an Order Dismissing Complaint with Partial Leave to Amend. ECF No. 9. In dismissing the Complaint, the Court instructed Murphy that he was required to file an amended pleading on or before June 8, 2022. *Id.* at 2. The Court also notified Murphy that a failure to file an amended pleading by the deadline could result in automatic dismissal of his action. *Id.* at 17. Murphy failed to file an amended pleading by the June 8, 2022 deadline, and the Court issued an

2

Order Dismissing Action pursuant to Federal Rule of Civil Procedure 41(b) on June 22, 2022.  ECF No. 10.  Murphy then filed his Notice of Intent to Appeal.  ECF No. 12.

As the Court explained in the June 8, 2022 Order Dismissing Action, the public's interest in expeditious resolution of this litigation and the Court's need to manage its docket favored dismissal.  ECF No. 10 at 2.  Moreover, allowing the action to sit idle would have prejudiced Defendants, and no less drastic alternatives were available.  *Id.*  These factors, the Court decided, outweighed the public policy favoring the disposition of cases on their merits.  *Id.*  Nothing suggests that there is an arguable basis in either law or fact to challenge the Court's reasoning in this regard.  *See Neitzke*, 490 U.S. at 325.  Thus, Murphy's appeal is frivolous and, therefore, not taken in good faith.  *See Morton v. Yellowstone Cnty. Det. Facility*, No. CV 20-160-BLG-SPW, 2021 WL 4521998, at *1 (D. Mont. Oct. 4, 2021) (certifying that appeal would not be taken in good faith where "[t]he record makes plain that [the plaintiff] . . . failed to prosecute th[e] matter and/or comply with the Court's orders").

//

//

//

//

# CONCLUSION

(1) The Court CERTIFIES that Murphy's appeal is frivolous and, therefore, not taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A).

(2) Murphy's in forma pauperis status is REVOKED.

(3) The Clerk is DIRECTED to send a copy of this order to Murphy and the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, July 8, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00110 JAO-WRP, *Murphy v. Derr*; ORDER REVOKING IN FORMA PAUPERIS STATUS